**Charles H. MURPHY, Plaintiff–Appellant,**

v.

**Pat CLARK; General Services Administration, Defendants–Appellees.**

No. 99–36093.

D.C. No. CV–98–06191–TMC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2001.

Decided April 19, 2001.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

**694**

Before T.G. NELSON, GRABER, and RAWLINSON, Circuit Judges.

### MEMORANDUM *

We have jurisdiction under 28 U.S.C. § 1291. We affirm.

#### A. Qualified Immunity

■ A reasonable official in Clark's position could have believed that Clark's conduct was lawful. Defendants demonstrated that Aune felt threatened prior to Murphy's removal and that Clark's motive was to protect Aune's safety. Clark's 9:26 a.m. memorandum demonstrates that he himself was concerned for Aune's safety based on his receipt of Murphy's letter and his conversation with Murphy. The order to remove Murphy was not made until 12:15 p.m., after Aune had communicated her fear to Clark. Clark could have believed his actions were lawful based upon clearly established law, and he is entitled to qualified immunity.[1]

#### B. Intentional Infliction of Emotional Distress

■ Defendants demonstrated that Clark did not intend to inflict emotional distress upon Murphy but, rather, that he acted reasonably and was motivated by the desire to protect Aune's safety. Further, Murphy has provided no evidence that his removal "constituted an extraordinary transgression of the bounds of socially tolerable conduct." [2] Murphy was simply removed from the building because GSA officials reasonably feared for Aune's safety.

AFFIRMED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. See Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993).

2. McGanty v. Staudenraus, 321 Or. 532, 901 P.2d 841, 849 (1995) (internal quotation marks omitted).